UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
ANTONIO M. CALLAHAN,                          :   CASE NO. 1:18 CV 1657
                                              :
    Petitioner,                              :
                                              :
vs.                                           :   OPINION & ORDER
                                              :
WARDEN LASHANN EPPINGER,                      :
                                              :
    Respondent.                              :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Antonio M. Callahan has filed this action seeking a writ habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) His petition challenges his 1995 conviction for involuntary manslaughter in the Cuyahoga County Court of Common Pleas. The public docket in the state criminal case shows that on June 27, 1995, petitioner pleaded guilty to involuntary manslaughter in open court pursuant to the terms of an amended indictment and was sentenced to five to twenty five years in prison. *See State of Ohio v. Antonio M. Callahan*, CR-95-320350 (Cuyahoga Cty. Ct. of Comm. Pls.).

Petitioner indicates he "never [filed] any direct appeals" or challenged his conviction in any way until he filed a petition for a writ of habeas corpus in the Ohio Supreme Court in 2018. (*See* Doc. No. 1 at ¶ 12(c)-(e)). In that petition, he contended his "constitutional rights were violated because there was no valid complaint ever filed with the Cuyahoga County Court office invoking the trial court[']s jurisdiction" and, therefore, he was unlawfully imprisoned. *See Antonio M. Callahan v. Warden LaShann Eppinger*, Case No. 2018-0275 (Ohio Sup. Ct.). The Ohio Supreme Court dismissed his petition *sua sponte*.

Case No. 1:18 CV 1657
Gwin, J.

In his present, federal habeas corpus petition, petitioner contends he is in custody in violation of his constitutional rights because there was "no complaint" in his criminal case and, therefore, the trial court had no jurisdiction over him and his conviction is void. (Doc. No. 1 at ¶ 12.) He contends the "accusatory instrument" that must be used to invoke jurisdiction is a "First Filed Complaint." (*Id*., Ground Two(a).)

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254, a federal district court is required to examine a habeas corpus petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" habeas corpus petitions that lack merit on their face).

The Court finds that the petition must be summarily dismissed. A federal court may entertain a habeas corpus petition filed by a person in state custody only on the ground that he is custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254 Further, an application for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. §2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Even assuming petitioner has properly exhausted his state remedies, his petition must be dismissed because it fails to allege a constitutional claim. It is well-established that federal habeas corpus review does not extend to questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to

Case No. 1:18 CV 1657
Gwin, J.

reexamine state-court determinations on state-law questions."). "A determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam). Whether an indictment or other charging document is sufficient to confer jurisdiction on a trial court is an issue of state law which is not cognizable on federal habeas corpus review. *See McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994); *Hill v. Ludwick*, No. 2:09–CV–11748, 2011 WL 5244824, at *5 (E.D. Mich. Nov. 3, 2011). Challenges to the sufficiency of a state court charging document will be cognizable on federal habeas review only where it deprives the petitioner of fair notice of the charges against him. *Cardenas-Borbon v. Burt*, Case No. 10-13548, 2014 WL 793629, at *21 (E.D. Mich. Feb. 27, 2014).

Here, the petitioner pleaded guilty to involuntary manslaughter pursuant to the terms of an indictment. He was not deprived of a right protected by the Constitution on the basis that the "accusatory instrument" used was not a "First Filed Complaint."

Accordingly, no cognizable federal constitutional claim is asserted in the petition. The petition is, therefore, denied and this case is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(3).

IT IS SO ORDERED.


Dated: October 30, 2018              *s/    James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE